UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

TO: JAMES J. WALDRON, CLERK

CASE NO. 07-11757 (KCF)
IN RE: Solomon Dwek
Adv. Proc. No. 08-01044 (KCF)

CHAPTER 11

**INFORMATION FOR NOTICE OF SETTLEMENT OF CONTROVERSY**

Charles A. Stanziale, Jr., the Liquidating Trustee proposes to settle an action, the nature of which is described below.

If any creditor or other party in interest has an objection to the settlement, the objection and request for a hearing on such objection shall be in writing, served upon the person named below and filed with the Clerk of the United States Bankruptcy Court.

Such objection and request shall be filed with the Clerk and served upon the person named below no later than **December 28, 2010**.

In the event an objection is timely filed a hearing thereon will be held **before the Honorable Kathryn C. Ferguson on January 4, 2011 at 11:00 a.m., Courtroom #2.**

The nature of action and the terms of the settlement are as follows:

| NATURE OF ACTION | PERTINENT TERMS OF THE SETTLEMENT |
|---|---|
| Charles A. Stanziale, Jr., the Liquidating Trustee (the "**Trustee**") on behalf of the Solomon Dwek Creditors Liquidation Trust (the "**Trust**"), the successor in interest to the consolidated bankruptcy estates of Solomon Dwek (the "**Consolidated Debtors**") while acting as the Chapter 11 Trustee commenced an adversary proceeding (the "**Adversary Proceeding**") by way of complaint (the "**Complaint**") against Victor Tawil and Horizon Export, LLC ("**Defendants**") in which the Trustee sought to avoid and recover a $580,000.00 transfer (the "**Transfer**") made by Solomon Dwek ("**Dwek**") to the Defendants. (The Trustee in his capacity as the Liquidation Trustee for the Liquidation Trust, the Consolidated Debtors and the Defendants shall be referred to as the "**Parties**.")<br><br>The Complaint asserted among other things, that (i) Dwek was operating a Ponzi Scheme; (ii) the Defendants had invested with Dwek $500,000.00 (the "**Investment**") in exchange for a promise of the return of the Investment along with a guaranteed profit of $80,000.00 (the "**Profit**") within a specified time period; (iii) the Defendants knew or should have known of Dwek's fraudulent scheme; (iv) Dwek | Although the Trustee believes he can prove Dwek operated a Ponzi Scheme and that the Transfer was made in furtherance of the Ponzi Scheme, litigation over whether the Defendants are or are not good faith transferees remains uncertain. Therefore, in the exercise of the Trustee's business judgment, after examining the equities, defenses asserted and that will be asserted, the costs of additional litigation, the representations made by the Defendants and Dwek, and other considerations, the Trustee has reached a settlement, subject to approval of the Bankruptcy Court, with the Defendants.<br><br>The terms of the settlement are as follows: (i) Defendants will pay the Profit, $80,000.00 (the "**Settlement Payment**") to the Trustee on behalf of the Liquidation Trust within thirty (30) days of the date the Court approves this settlement; (ii) Defendants waive all claims against the Trustee, the Liquidation Trust, and the Consolidated Debtors; (iii) upon the later of approval of this settlement and payment of the Settlement Payment, the Trustee will dismiss the Adversary Proceeding with prejudice; (iv) upon the later of approval of this settlement and payment of the Settlement Payment, the Parties shall |

| | |
|---|---|
| made the Transfer; and (v) the Trustee should be able to recover the entire Transfer (Investment and Profit made.<br><br>The Defendants filed an answer to the Complaint denying the allegations asserted by the Trustee. The Defendants further assert that they are good faith transferees and, therefore, under applicable case law would only be required to return the Profit.<br><br>The Defendants have also represented to the Trustee certain facts that the Trustee believes make it more probable that the Defendants may be good faith Transferees.<br><br>Finally, Solomon Dwek has represented to the Trustee certain facts the Trustee believes make it more probable that the Defendants may successfully assert the good faith Transferee defense. | be deemed to have mutually released one another for all claims that were or could have been asserted in the Adversary Proceeding and that could have been asserted in the Consolidated Debtors' bankruptcy proceeding; and (v) the Parties agree that the representations make to the Trustee are material to this settlement and that the Trustee is relying on them. If any of the representations are false, the Trustee reserves the right to terminate this settlement and ask the Court to relist the matter for trial in which case the Trustee preserves all of his claims, arguments and defenses.<br><br>The proposed settlement eliminates the expense of protracted litigation. The Trustee believes this settlement is in the best interest of the Trust and its creditors and, therefore, should be approved. |

Request for additional information about the nature of the action or the terms of the settlement should be directed to:

NAME: McCarter & English, LLP (Attn: Jeffrey Testa, Esq.)
ADDRESS: Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102
TELEPHONE NO: (973) 622-4444

SUBMITTED BY: /s/ Charles A. Stanziale POSITION: Attorneys for the Trustee PHONE: 973-624-4444

DATED: December 3, 2010